TUTHILL & FULLER *vs.* EMERSON.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where the syndic makes himself a party plaintiff to a suit, in place of the original one, who is a ceding debtor, without objection on the part of the defendant, he has the right to contest the case and receive judgment.

The objection to the capacity of the plaintiff to sue, comes too late after answer to the merits and the jury are sworn on the trial.

This is an action, by two partners in building, to recover from the defendant three thousand six hundred dollars, the price of building six two story houses, and five hundred dollars for extra work, and one thousand dollars in damages, for delays occasioned by the defendant, in not furnishing materials as fast as the work progressed, according to contract.

The defendant pleaded a denial, and set up a demand in compensation of that sued on, for the sum of two thousand and sixty-two dollars, for advances and payments made to the plaintiffs. He alleges the work was badly done, delayed a year beyond the time agreed on in the contract, and finally abandoned by the plaintiffs, and was completed by other workmen, employed at his own expense, all of which occasioned him three thousand dollars damages, for which he prays judgment in reconvention.

This suit was instituted in February, 1831. On the trial the defendant offered in evidence the record of a suit of Tuthill *vs.* His Creditors, filed in March, 1830, which showed that one of the plaintiffs was insolvent, and had made a surrender in favor of his creditors, and a syndic appointed ; and at the same time, moved the court to instruct the jury that no verdict could be found against the defendant, as suit was not instituted in the name of the syndic of Tuthill, and Fuller the other partner. The court refused the instruction,

75

EASTERN DIST. but charged that the plaintiffs could recover, as the syndic
February, 1835. was subsequently made a party, on motion of the plaintiffs'
TUTHILL. ET AL. counsel. The defendant excepted to the opinion and charge
vs.
EMERSON. of the court.

Upon the evidence of the case, the jury returned a verdict for the plaintiffs, in the sum of two thousand and eighty-two dollars, upon which judgment was rendered in favor of the syndic and Fuller. The defendant appealed.

*Gray*, for the plaintiffs.

1. The objection that the suit was not brought in the name of the syndic of Tuthill and Fuller, should have been pleaded as an exception, and time allowed for the opposite party to produce evidence to contradict it ; otherwise, it is taking the party by surprise. *Code of Practice, art.* 327, 346.

2. Had an exception been pleaded, the court would, even afterwards, have allowed an amendment, which would have brought the proper parties before it. 4 *La. Rep.*, 150.

3. The syndic was properly made a party, on motion of the plaintiff, before the trial. Such a motion was equivalent to a supplemental petition. 2 *La. Rep.*, 392.

4. The verdict of the jury is not excessive ; nor, indeed, as much as the evidence warranted, because no allowance is made for damages occasioned by the delay of the defendant.

*Conrad*, for the appellant.

1. The plaintiffs suit should have been dismissed for want of proper parties, as Tuthill had made a cession of his property at the time of suit, and could not stand in judgment in a case which arose before his insolvency and failure. 4 *Martin, N. S.* 103.

2. This defect in the pleadings could not be cured in an *ex parte* motion, making the syndic of Tuthill a party, and which motion was not made until a year after the suit was at issue. 2 *Martin,* 144. 6 *Martin, N. S.* 417.

*Bullard, J.*, delivered the opinion of the court.

In this case our attention is drawn to a bill of exceptions, from which it appears, that on the trial of the case, the defendant's counsel having introduced the record of a suit by Tuthill, one of the plaintiffs against his creditors, by which it appeared that he had made a surrender of his property as an insolvent debtor, and that a syndic had been appointed, moved the court to instruct the jury, that no verdict could be rendered by them against the defendant, on the ground, that the suit should have been instituted by the syndic jointly with the other plaintiff. The court refused to give that charge, but on the contrary, instructed the jury that the suit could be maintained, because the syndic by an *ex parte* proceeding, had made himself a party to the suit on motion.

We are of opinion the court did not err, although the plaintiff, who had made a surrender, was without capacity to sue in relation to a debt due him before the surrender, yet his syndic came in and made himself a party, without any objection on the part of the defendant. No exception was made to the capacity of the plaintiff; on the contrary the answer goes to the merits, and sets up a demand in re-convention. The objection came too late, after the jury had been sworn to try the issue on the merits of the case.

On the merits, an attentive examination of the evidence, has failed to convince us that the verdict was erroneous.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

EASTERN DIST.
*February*, 1835.

TUTHILL ET AL.
*vs.*
EMERSON.

Where the syndic makes himself a party plaintiff to a suit in place of the original one, who is a ceding debtor, without objection on the part of the defendant, he has the right to contest the cause and receive judgment.

The objection to the capacity of the plaintiff to sue comes too late, after answer to the merits, and the jury are sworn on the trial.